UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| YANIRA ARELI GOMEZ, on behalf of herself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 1:25-cv-00108 ACL |
| SOUTHEAST HOSPITAL, | ) ) ) |
| Defendant. | ) |

# **DEFENDANT'S ANSWER**

This is the answer of Defendant Southeast Hospital to the complaint of Plaintiff Yanira Areli Gomez.

1.  Defendant admits that Plaintiff purports to bring this Complaint under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") but denies that she is entitled to any recovery on behalf of herself or the putative class.

2.  Defendant denies the allegations in Paragraph 2 of the Complaint.

3.  Defendant denies the allegations in Paragraph 3 of the Complaint.

4.  With respect to Paragraph 4 of the Complaint, the allegation that this Court has jurisdiction is a legal conclusion, and therefore Defendant is not required to respond. To the extent a response is required, Defendant states that it is not challenging subject matter jurisdiction.

5.  With respect to Paragraph 5 of the Complaint, the allegation that this Court has jurisdiction is a legal conclusion, and therefore, Defendant is not required to respond. To the extent a response is required, Defendant states that it is not challenging venue.

6. Defendant admits that it resides in this District; however, Defendant denies the remaining allegations of Paragraph 6, including the characterization that its calls were artificial or made with prerecorded voice or otherwise violated the TCPA or any other statute.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 7 of the Complaint and therefore denies the allegations on that basis.

8. The allegation in Paragraph 8 of the Complaint is a legal conclusion, and therefore, Defendant is not required to respond. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8.

9. Defendant admits the allegations contained in Paragraph 9.

10. The allegation in Paragraph 10 of the Complaint is a legal conclusion, and therefore, Defendant is not required to respond. To the extent a response is required, Defendant admits the allegations contained in Paragraph 10 that Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 of the Complaint and therefore denies the allegations on that basis.

12. Defendant denies the allegations in Paragraph 12 of the Complaint to the extent the allegations apply to calls identified in the Complaint that purportedly began in April 2025.

13. Defendant denies the allegations in Paragraph 13 of the Complaint to the extent the allegations apply to calls identified in the Complaint that purportedly began in April 2025.

14. Defendant denies the allegations in Paragraph 14 of the Complaint to the extent the allegations apply to calls identified in the Complaint that purportedly began in April 2025.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant refers to the allegedly recorded message for its complete and accurate contents and context and otherwise denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Complaint and on that basis, denies the allegations.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the Complaint and therefore denies the allegations on that basis.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Complaint and therefore denies the allegations on that basis.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the Complaint and therefore denies the allegations on that basis.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 29 of the Complaint and therefore denies the allegations on that basis.

30. The allegation in Paragraph 30 of the Complaint is a legal conclusion, and therefore, Defendant is not required to respond. To the extent a response is required, Defendant denies said allegations.

31. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 31 of the Complaint and therefore denies the allegations on that basis.

32. Defendant denies the allegations in Paragraph 32.

## CLASS ACTION ALLEGATIONS

33. Defendant admits that Plaintiff has purported to bring this action on behalf of herself and a putative class. Defendant denies the remaining allegations in Paragraph 33 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

34. Defendant denies the allegations in Paragraph 34, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

35. Defendant denies the allegations in Paragraph 35 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

36. Defendant denies the allegations in Paragraph 36 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

37. Defendant denies the allegations in Paragraph 37 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

38. Defendant denies the allegations in Paragraph 38 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

39. Defendant denies the allegations in Paragraph 39 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

40. Defendant denies the allegations in Paragraph 40 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

41. Defendant denies the allegations in Paragraph 41 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

42. Defendant denies the allegations in Paragraph 42 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

43. Defendant denies the allegations in Paragraph 43 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

44. Defendant denies the allegations in Paragraph 44 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

45. Defendant denies the allegations in Paragraph 45 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

46. Defendant denies the allegations in Paragraph 46 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

47. Defendant denies the allegations in Paragraph 47 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

48. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 of the Complaint and on that basis denies the allegations.

49. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 of the Complaint and on that basis denies the allegations.

50. Defendant denies knowledge or falsity of the allegations in Paragraph 50 of the Complaint and on that basis denies the allegations.

51. Defendant denies the allegations in Paragraph 51 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

52. Defendant denies the allegations in Paragraph 52 of the Complaint and all subsections therein, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

53. Defendant denies the allegations in Paragraph 53 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

54. Defendant denies the allegations in Paragraph 54 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

55. Defendant denies the allegations in Paragraph 55 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

56. Defendant denies the allegations in Paragraph 56 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

57. Defendant denies the allegations in Paragraph 57 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

58. Defendant denies the allegations in Paragraph 58 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

59. Defendant denies the allegations in Paragraph 59 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

60. Defendant denies the allegations in Paragraph 60 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

61. Defendant denies the allegations in Paragraph 61 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

## COUNT I

62. Defendant restates and incorporates its responses to Paragraphs 1 through 64 (sic) as though fully set forth herein.

63. The allegation in Paragraph 63 of the Complaint is a legal conclusion, and therefore, Defendant is not required to respond. To the extent a response is required, Defendant denies said allegations.

64. The allegation in Paragraph 64 of the Complaint is a legal conclusion, and therefore, Defendant is not required to respond. To the extent a response is required, Defendant denies said allegations.

## PRAYER FOR RELIEF

Defendant denies Plaintiff and the putative class are entitled to the requested relief as set forth in Paragraph 65 of the Complaint.

## JURY DEMAND

Defendant admits that Plaintiff has requested a jury trial as set forth in the Complaint.

## GENERAL DENIAL

To the extent not explicitly admitted above, Defendant denies each and every allegation set forth in the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

By way of further response, Defendant asserts and alleges the following Affirmative Defenses to Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant had prior express consent, permission or an invitation to place any calls, including to Plaintiff and/or the putative class members.

## THIRD AFFIRMATIVE DEFENSE

Defendant had an established relationship with the recipients of any calls, including with Plaintiff and the putative classes and such relationship bars Plaintiff's and the putative classes' claims.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's individual and class claims against Defendant must be dismissed because neither Plaintiff nor the absent classes have suffered an injury-in-fact, and therefore, lack standing to assert or pursue the claims in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest

belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available to Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to join the necessary and indispensable parties in this action.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative classes' claims are barred by the applicable Statute of Limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant alleges that the award of statutory penalties against Defendant would violate the Due Process clause of the United States Constitution and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative classes' claims are barred, in whole or in part, by the doctrines of laches, unclean hands, and waiver.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative classes' claims under the TCPA are unconstitutional.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative classes' claims against Defendant are barred, in whole or in part, by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant alleges that by Plaintiff's and the absent class members' conduct, representations, and omissions, upon which Defendant detrimentally relied, Plaintiff and absent class members are equitably estopped from asserting any claim for relief against Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff and/or the putative classes have expressly or impliedly consented to and approved all of the acts and omissions about which Plaintiff now complains. Accordingly, Plaintiff and/or the putative classes are barred from pursuing claims alleged in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff and the putative classes are not entitled to any relief because Defendant's conduct did not proximately cause any damages, injury or loss to Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that by conduct, representations, and omissions, Plaintiff and/or putative class members have waived, relinquished, and/or abandoned any claim for relief against Defendant respecting the matters that are the subject of the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims against Defendant are barred because the phone calls that are the subject of the Complaint constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability on Defendant for such phone calls would violate its First Amendment rights.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims are barred because Defendant did not engage in willful and/or knowing misconduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant did not place the calls to Plaintiff and/or putative class members.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and on that basis alleges, that granting Plaintiff's demand would result in unjust enrichment, as Plaintiff and the putative classes would receive more money than they are entitled to receive.

### TWENTIETH AFFIRMATIVE DEFENSE

The alleged injuries and/or damages sustained by Plaintiff and the putative classes are the result of conduct of a person or persons over whom Defendant exercised no control.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Claims on behalf of the putative class members are subject to arbitration provisions.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant is not liable for any violation, even if one occurred, because the violation was not intentional, and if any violation occurred, it resulted from a bona fide error notwithstanding Defendant's maintenance of procedures reasonably adapted to avoid any such error.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims against Defendant are barred in whole or in part to the extent they were released.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of her Complaint;

2. That judgment be entered against Plaintiff and in favor of Defendant;

3. That Defendant recover all expenses, costs, and attorneys' fees in connection with this lawsuit; and

4. That the Court grant Defendant such other and further relief as it deems just and proper.

Respectfully submitted,

THOMPSON COBURN LLP

By /s/ *Jeffrey R. Fink*
    Jeffrey R. Fink, #44963
    Thompson Coburn LLP
    One US Bank Plaza
    St. Louis, Missouri 63101-1611
    Telephone: 314.552.6000
    Facsimile: 314.552.7000
    jfink@thompsoncoburn.com

KELLEY DRYE & WARREN LLP

By /s/ *Lauri A. Mazzuchetti*
    Lauri A. Mazzuchetti (*pro hac vice* forthcoming)
    Whitney M. Smith (*pro hac vice* forthcoming)
    7 Giralda Farms, Suite 340
    Madison, New Jersey 07940
    Telephone: (973) 503-5900
    Facsimile: (973) 503-5950
    lmazzuchetti@kelleydrye.com
    wsmith@kelleydrye.com

KELLEY DRYE & WARREN LLP

By /s/ *Frances V. McDonald*
    Frances V. McDonald (*pro hac vice* forthcoming)
    3 World Trade Center
    175 Greenwich Street
    New York, NY 10017
    Telephone: (212) 808-5040
    Facsimile: (212) 808-7897
    fmcdonald@kelleydrye.com

    Attorneys for Defendant
    Southeast Hospital