# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| YANIRA ARELI GOMEZ, on behalf of herself and others similarly situated,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>SOUTHEAST HOSPITAL D/B/A MERCY HOSPITAL<br><br>　　　　　　Defendant. | Case No.: 1:25-cv-00108-SEP<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## JOINT PROPOSED SCHEDULING PLAN

Plaintiff Yanira Areli Gomez ("Plaintiff") and Southeast Hospital d/b/a Mercy Hospital ("Defendant") (collectively, "the Parties") submit the following Joint Proposed Scheduling Plan pursuant to the Court's September 9, 2025 Order Setting Rule 16 Scheduling Conference (ECF No. 16).

1. **Nature of Case**

*Plaintiff's Statement*

Plaintiff filed this putative class action alleging that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii), by placing non-emergency calls using an artificial or prerecorded voice to cellular telephone numbers without prior express consent. Plaintiff alleges Defendant directed such calls to wrong or reassigned numbers, including Plaintiff's cellular telephone, despite Plaintiff having no account or business relationship with Defendant. Plaintiff brings this action on behalf of the following proposed class:

　　**TCPA Prerecorded Voice Class**: All persons throughout the United States
　　(1) to whom Defendant placed, or caused to be placed, a call, (2) directed

to a number assigned to a cellular telephone service, but not assigned to a person who had an account in collections with Defendant, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

*Defendant's Statement*

Defendant denies the allegations in Plaintiff's Complaint, including that any violation of the Telephone Consumer Protection Act or any other law occurred.  Specifically, Defendant obtains any legally required consent to communicate with patients as part of the patient access workflow, which includes consent to the use of pre-recorded or artificial voice.  In addition, Defendant denies that Plaintiff will be able to meet the requirements of Fed. R. Civ. P. 23 or otherwise establish the suitability of this case for class treatment.

**2. Prospect of Prompt Settlement or Resolution of the Case**

The parties have discussed resolution, but the matter requires further discovery for the conversations to advance.

**3. Proposed Discovery Plan and Schedule**

(a) Track Assignment:

Given that this case has been filed as a putative class action, the parties believe Track 3 is a more appropriate assignment.

(b) Dates for Joinder of Additional Parties or Amendments of Pleadings: All motions to join additional parties or to amend the pleadings, except for good cause shown, must be filed by **February 5, 2026.**

(c) Discovery Plan

   i)   **Method of Producing Electronic Discovery**. Electronic discovery shall be produced to the requesting party as kept in the ordinary course of business or in a reasonably usable form or forms as required by Federal Rule of Civil Procedure 34 and interpretative case law. If a

2

party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party printed copies of the documents or may provide the requesting party electronic copies of the documents in a reasonably usable form on CD, DVD, hard drive, by e-mail, or by other electronic means. If the receiving party determines in good faith that a disclosure of a document in a printed format does not adequately allow the party to review the document, the receiving party may request that an electronic copy be provided.

**Cost and Burden of Producing Electronic Discovery**. Unless the party with the burden of bearing the costs demonstrates to the Court that the cost is overly burdensome, the following presumption applies: To the extent that the parties request files or copies of documents, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the cost of assembling the requests.

**Protective Order and/or Privileged Data**. The parties agree that a protective order governing confidential documents is appropriate and necessary. The parties are conferring regarding the contents of such an order.

ii) **Asserting claims of privilege or of protection as trial-preparation material after production**. The parties have agreed that a claw back provision is appropriate in this case as required by Federal Rule of Civil Procedure 26(b)(5)(B).

iii) The Parties have made their initial disclosures as required under Federal Rule of Civil Procedure 26(a)(1)**.**

iv) Discovery need not be conducted in phases, or limited to certain issues.

v) Plaintiff shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **June 29, 2026,** and shall make expert witnesses available for depositions, and have depositions completed, no later than **July 29, 2026.** Defendant shall

3

disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **August 21, 2026** and shall make expert witnesses available for depositions, and have depositions completed, no later than **September 11, 2026.**

vi)     The presumptive limits of ten (10) depositions per side and twenty-five (25) interrogatories per party should apply.

vii)    The Parties do not anticipate conducting physical or mental examinations pursuant to Federal Rule of Civil Rule 35.

viii)   All discovery shall be served by **September 15, 2026.**

ix)     Motions to compel shall be pursued in a diligent and timely manner, but no event may be filed after **June 30, 2026.**

(d)     Alternative Dispute Resolution: The Parties believe that referral of this action to Alternative Dispute Resolution may be useful, with mediation to be conducted between **June 24, 2026 through September 15, 2026**.  The Parties request permission to conduct the mediation with the mediator, counsel, and all Parties participating virtually.

(e)     Class Certification Motion: The Plaintiff proposes that his motion for class certification and all memorandum and supporting materials must be filed no later than **July 31, 2026;** opposition briefs shall be filed 30 days thereafter; any reply brief 21 days after the response.

(f)     Dispositive Motions: The parties propose that any motions to dismiss, motions for summary judgment, motions for judgment on the pleadings or, if applicable, any motion to exclude testimony pursuant to *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993) or *Kumho Tire Co. Ltd v. Carmichael,* 526 U.S. 137 (1999), must be filed by **October 26, 2026.**

(g)     Trial Date: The earliest date by which this case should reasonably be expected to be ready for trial is **January 25, 2026**.

(h)  <u>Estimated Length of Trial</u>: The estimated length of trial will be five (5) days.

(i)  <u>Other Matters</u>: The parties anticipate there may be documents or information that will be exchanged in discovery that will require a protective order governing the confidentiality of such records in which case the parties will work together to create a proposed protective order to present to the Court.

The undersigned hereby certify that a copy of the above has been circulated and discussed and stipulated to by all counsel of record.

DATED:   October 21, 2025

| PARONICH LAW, P.C. | KELLEY DRYE & WARREN LLP |
|---|---|
| By:  */s/ Anthony I. Paronich*<br>Anthony I. Paronich<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043<br>Telephone: (617) 485-0018<br>Facsimile: (508) 318-8100<br>anthony@paronichlaw.com | By:  */s/ Whitney M. Smith*<br>Whitney M. Smith (*pro hac vice*)<br>Lauri A. Mazzuchetti (*pro hac vice*)<br>7 Giralda Farms, Suite 340<br>Madison, New Jersey 07940<br>Telephone: (973) 503-5900<br>Facsimile: (973) 503-5950<br>wsmith@kelleydrye.com<br>lmazzuchetti@kelleydrye.com<br><br>Frances McDonald (*pro hac vice*)<br>3 World Trade Center<br>175 Greenwich Street<br>New York, NY 10007<br>Telephone: (212) 808-5040<br>Facsimile: (212) 808-7897<br>fmcdonald@kelleydrye.com<br><br>THOMPSON COBURN LLP<br><br>Jeffrey R. Fink, #44963<br>Thompson Coburn LLP<br>One US Bank Plaza<br>St. Louis, Missouri 63101<br>Telephone: (314) 552-6000<br>Facsimile: (314) 552-7000<br>jfink@thompsoncoburn.com |